533 So.2d 1060 (1988)
STATE of Louisiana
v.
Sandra ADAMS.
No. KA-8991.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty. of Orleans Parish, for appellee.
Bryan Pedeaux, New Orleans, for defendant-appellant.
Before BYRNES, WILLIAMS and PLOTKIN, JJ.
WILLIAMS, Judge.
This criminal appeal from a female defendant's conviction for solicitation with intent to commit unnatural carnal copulation concerns the State's use of its peremptory challenges to exclude males from the jury panel, which defendant contends is a violation of her Sixth and Fourteenth Amendment Rights.
Defendant claims she was denied a fair trial by a jury drawn from a fair cross-section of the population and equal protection of the law because the prosecution used its peremptory challenges to exclude men from her jury. We disagree and affirm defendant's conviction because the Sixth Amendment does not require a petit jury to reflect a cross-section of the community, *1061 Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), and under the circumstances, the State's use of its peremptory challenges was not prohibited discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. We decline to extend the rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which prohibits the State from using its peremptory challenges in a racially discriminatory manner, by prohibiting the State from exercising its peremptory challenges to eliminate all males from a female defendant's petit jury.
FACTS
Defendant, Sandra Adams, was charged by bill of information with violating LSA-R.S. 14:89, by soliciting Detective Jusselin with the intent to engage in unnatural carnal copulation in the amount of twenty dollars. In selecting the petit jury, the prosecutor used five of her six peremptory challenges to strike prospective male jurors. Interspersed with the prosecutor's use of her peremptory challenges, the defendant used all six of her peremptory challenges to dismiss only women from the venire. The result was a jury composed solely of women. After the jurors were sworn, the defendant objected to the composition of the jury and moved for a mistrial.[1] The trial court denied the motion without holding an evidentiary hearing.
Following the presentation of overwhelming evidence establishing defendant's guilt for the offense charged, the jury convicted defendant of violating LSA-R.S. 14:89. Thereafter, the defendant filed a motion for post verdict judgment of acquittal, which the trial court denied. Defendant waived all delays and the court sentenced her to serve six (6) months in the parish prison, suspended the sentence and placed her on active probation of one (1) year.
ASSIGNMENT OF ERROR
Defendant claims that her Equal Protection Rights have been violated as gender is an improper criterion upon which the state may exercise its peremptory challenges. In support of her argument, defendant relies upon Article 1, Sec. 3 of the Louisiana Constitution of 1974, which provides that no law shall discriminate against a person because of race and that no law shall arbitrarily, capriciously or unreasonably discriminate against a person because of their sex. She also relies upon Louisiana Rules of Court, Supreme Court Rule XXV, which provides that all litigants entitled to a jury trial have a right to a jury selected from a full cross-section of the population, and forbids exclusion of jurors based upon "race, color, religion, sex, national origin or economic status." These provisions, however, are not dispositive to the issues presented.
These provisions are directed to the composition of the jury venire from which the petit jury is eventually selected, mandating that an entire class of individuals cannot be excluded from a jury venire. The rule is often referred to as the fair cross-section requirement of the Sixth Amendment. Defendant's appeal, however, questions whether her constitutional and/or statutory rights are violated when the prosecution uses its peremptory challenges to exclude all the men from her petit jury after the jury venire is chosen from a cross-section of the community.
As a general rule, a defendant has no right to trial by any particular jury or juror, but only to a trial by a competent, impartial jury. State v. Stephenson, 291 So.2d 767, 768 (La.1974); State v. Simms, 465 So.2d 769 (La.App. 5th Cir.1985). Consequently, after the jury venire has been chosen from a cross-section of the community, the fair cross-section principle has never been extended to invalidate a petit *1062 jury due to the prosecutor's exercise of peremptory challenges to the prospective petit jurors.
The United States Supreme Court in Lockhart v. McCree, 476 U.S. 162, 106 S.Ct. 1758, 1764-1765, 90 L.Ed.2d 137 (1986), refused to extend the fair cross-section requirement to petit jury selections:
...We have never invoked the fair cross-section principle to invalidate the use of either for-cause or peremptory challenges to prospective jurors, or to require petit juries, as opposed to jury panels or venires, to reflect the composition of the community at large. See Duren v. Missouri, 439 U.S. 357, 363-364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); Taylor v. Louisiana, 419 U.S. 522, 538, 95 S.Ct. 692, 701-02, 42 L.Ed.2d 690 (1975) ("[W]e impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population"); cf. Batson v. Kentucky [476] U.S. [79], [84], n. 4, 106 S.Ct. 1712, 1716, n. 4, 90 L.Ed.2d [69] (1986) (expressly declining to address "fair cross-section" challenge to discriminatory use of peremptory challenges). The limited scope of the fair cross-section requirement is a direct and inevitable consequence of the practical impossibility of providing each criminal defendant with a truly "representative" petit jury, see id., at [85], n. 6, 106 S.Ct., at 1717, n. 6, ... See United States v. Childress, 715 F.2d 1313 (CA8 1983) (en banc), cert. denied, 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984); Pope v. United States, 372 F.2d 710, 725 (CA8 1967) (Blackmun, J.) ("The point at which an accused is entitled to a fair cross-section of the community is when the names are put in the box from which the panels are drawn ") vacated on other grounds, 392 U.S. 651, 88 S.Ct. 2145, 20 L.Ed.2d 1317 (1968). 106 S.Ct. at 1764-1765. (emphasis added)
Likewise, we reject defendant's suggestion that the fair-cross section requirement of the Sixth Amendment should be extended to the selection of petit juries. This determination, however, does not end our inquiry into whether the State's exercise of its peremptory challenges to eliminate the male jurors from the female defendant's petit jury constituted prohibited discrimination, as the State's privilege to strike individual jurors is also subject to the commands of the Equal Protection Clause of the Fourteenth Amendment, Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69 (1986).
Because a peremptory challenge is the statutory right to reject a given juror without disclosure of reason or motive, State v. Richmond, 284 So.2d 317, 326 (La.1973), a prosecutor is ordinarily entitled to exercise peremptory challenges "for any reason at all, as long as that reason is related to his view concerning the outcome" of the case to be tried. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. at 1712, 1719, 90 L.Ed.2d 69 (1986) [recognized the prosecutor's historical privilege to utilize his peremptory challenges free of judicial controls, 106 S.Ct. at 1720]; See also, State v. Melton, 296 So.2d 280, 282 (La.1974) [courts will not look behind the exercise of peremptory challenges for motive]; State v. Amphy, 259 La. 161, 249 So.2d 560, 564 (1971), cert. den., Amphy v. Louisiana, 405 U.S. 1074, 92 S.Ct. 1502, 31 L.Ed.2d 807 (1972). Based upon the guarantees of the Equal Protection Clause, however, the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), set a limitation on the State's free use of its peremptory challenges. Batson promulgated that prosecutors were forbidden from challenging potential jurors solely on account of their race, on the assumption that black jurors as a group would be unable to impartially consider the State's evidence against a black defendant. This jurisprudential rule has been codified in Louisiana. By Acts of 1986, No. 323, the Louisiana Legislature amended LSA-C.Cr.P. art. 795(B) to provide, "[a] peremptory challenge by the State shall not be based solely upon the race of the juror."[2]
*1063 If the Supreme Court had desired to abolish the peremptory challenge or prohibit the exercise of the challenges on the basis of race, gender, age or other group classifications, the opportunity to do so was presented in Batson. United States v. Hamilton, 850 F.2d 1038 (4th Cir.1988). An examination of Batson, however, indicates that "in light of the important position of the peremptory challenge in our jury system, the Court intended Batson to apply to prohibit the exercise of peremptory challenges on the basis of race only." United States v. Hamilton, 850 F.2d at 1042-1043.
Cases involving exclusions from jury service based upon race are considered to be in a class by themselves. Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 2170, 33 L.Ed. 2d 83 (1972) (White, J. Concurring). Thus, although we do not applaud the striking of jurors for any reason relating to group classifications, we decline to extend the rule of Batson beyond instances of purposeful racial discrimination in the selection of petit jurys. Consequently, this case falls under the general rule that a prosecutor is entitled to exercise peremptory challenges for any reason, as long as that reason is related to his view concerning the outcome of the case to be tried, Batson v. Kentucky, 106 S.Ct. at 1719, and the State's motive for exercising its peremptory challenges is not subject to judicial review.[3]State v. Rossi, 273 So.2d 265, 266 (La.1973) [the State's use of its peremptory challenges to exclude persons of Italian ancestry from serving on the petit jury was not subject to judicial review]; State v. Veal, 296 So.2d 262, 264 (La.1974).
Even though defendant's petit jury may have lost a distinct quality or flavor by the lack of interplay or influence from male jurors, see Peters v. Kiff, 92 S.Ct. at 2169, n. 12, defendant has made no showing that she was deprived of a trial before an unbiased jury or was forced to accept an obnoxious juror. State v. Simms, 465 So.2d at 780. We, therefore, find defendant's Fourteenth Amendment rights were not violated by the State's exercising its peremptory challenges to exclude males from the jury panel.
Accordingly, as there is no showing that the trial court abused its discretion in denying defendant's motion for mistrial and as the evidence presented at trial overwhelmingly proved defendant's guilt for the offense charged, we affirm defendant's conviction. All costs on appeal are assessed against defendant.
AFFIRMED.
PLOTKIN, J., dissents with reasons.
PLOTKIN, Judge, dissenting with reasons.
I respectfully dissent.
The issue at bar is whether the State may exercise its peremptory challenges in a sexually discriminatory manner by excusing all males from the jury when the defendant is female.
The State admits that it excluded all men from the petit jury because they would tend to "trivialize" the female defendant's sex crime of solicitation with intent to commit unnatural oral copulation. The defendant contends that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), applies to gender discrimination in jury selection.
Batson held that the equal protection clause forbids the prosecutor from challenging potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable to consider the State's case against a black defendant impartially.
*1064 Although Batson did not directly decide the issue of sex discrimination in jury selection, the inarticulated message was to prohibit the striking of jurors for any reason relating to group classifications. Thus if the equal protection clause of the fourteenth amendment prevents prosecutors from challenging potential jurors based on race, it must also prohibit the prosecutor from striking potential jurors based on gender.
When the State used its peremptory challenges to exclude all males from the petit jury because of their sex, it violated the female defendant's right to an impartial jury drawn from a cross section of the community under the sixth and fourteenth amendment and Article 1, Sec. 3 of the Louisiana Constitution of 1974.
NOTES
[1] Immediately after the jury was sworn, defendant objected to the composition of the jury. Under State v. Williams, 524 So.2d 746 (La. 1988), defendant should have objected to the prosecutor's exercise of peremptory exceptions before the jury panel was sworn. However, under the facts herein, that error was harmless. Before opening statements, defendant made on oral motion, outside the presence of the jury, that the "elimination of the male jurors constitutes an improper panel". The court then queried whether the motion was for a mistrial, to which defendant responded affirmatively. Thus, defendant's appeal is from the denial of a motion for mistrial rather than from a ruling on an objection.
[2] To prove a Batson or a C.Cr.P. art. 795(B) claim, defendant must show (1) he is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges toward the elimination of members of his race; and (3) the facts and circumstances infer that the prosecutor used his peremptory challenges for the purpose of striking minorities. The combination of these three factors establishes a prima facie case of purposeful discrimination and thereby compels the State to come forward with a neutral explanation for challenging the black jurors. Batson v. Kentucky, 106 S.Ct. at 1723; State v. Spears, 525 So.2d 329, 332 (La.App. 1st Cir. 1988); State v. Gilmore, 522 So.2d 658, 661 (La.App. 5th Cir.1988).
[3] Our holding under defendant's Assignment of Error No. 1, makes it unnecessary for us to address defendant's Second Assignment of Error.