ARMSTRONG, Judge.
Defendant, Brett Burger, was charged with and convicted of forcible rape, a violation of La.R.S. 14:42.1. He was subsequently sentenced as a habitual offender to serve forty years at hard labor. Defendant *1283 appealed, alleging that the evidence was insufficient to sustain his conviction. In State v. Burger, 531 So.2d 1163 (La.App. 4th Cir.1988), we affirmed. The Louisiana Supreme Court subsequently granted defendant’s application for writ of certiorari and remanded the case to this court for reconsideration. State v. Burger, 541 So.2d 842 (La.1989).
On remand the Supreme Court requests that we reconsider our previous decision in light of State v. Mussal, 523 So.2d 1305 (La.1988). In Mussal, the court examined in depth the standard of appellate review set forth by the U.S. Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and applied by Louisiana appellate courts in direct review of state criminal appeals since 1979. See: State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied, Abercrombie v. Louisiana, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980).
In Jackson v. Virginia, supra, the court held that due process requires a reviewing court to determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
Defendant, Brett Burger, originally appealed claiming that the evidence was insufficient to sustain his conviction. In his brief defendant attacked the credibility of the victim, on whose testimony the State’s case largely rested. We closely examined all of the evidence in the record before affirming defendant’s conviction. However, from the wording of the conclusion in our original opinion, it may appear that we reached our decision based upon certain limited evidence, rather than the record evidence as a whole.
The relevant record evidence is fully set forth in our original opinion at 531 So.2d 1163. Viewing the record evidence as a whole, in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime of forcible rape beyond a reasonable doubt.
For the foregoing reasons we affirm the conviction and sentence of the defendant.
AFFIRMED.