568 So.2d 578 (1990)
STATE of Louisiana
v.
Gerald HATCHER.
No. 88-KA-2098.
Court of Appeal of Louisiana, Fourth Circuit.
September 25, 1990.
Writ Denied January 11, 1991.
*580 Harry F. Connick, Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Gerald Hatcher.
Before KLEES, BYRNES and PLOTKIN, JJ.
KLEES, Judge.
The defendant was charged by bill of information with two counts of aggravated crime against nature, violations of R.S. 14:89.1, and two counts of forcible rape, violations of R.S. 14:42.1. On August 9, 1988 the jury found the defendant guilty as charged on the two aggravated crime against nature charges. It found defendant guilty of the lesser offense of sexual battery (R.S. 14:43.1) on one of the forcible rape charges and guilty as charged on the other forcible rape charge. The court sentenced the defendant on August 26, 1988 to fifteen (15) years at hard labor without benefit of probation, parole or suspension of sentence on each aggravated crime against nature conviction; to forty years at hard labor on the forcible rape conviction; and, to ten (10) years at hard labor on the sexual battery conviction; all four sentences to run consecutively. The defendant was subsequently adjudicated a second felony offender and re-sentenced on December 6, 1988 to thirty years at hard labor without benefit of probation, parole or suspension of sentence on each aggravated crime against nature conviction; to eighty years at hard labor on the forcible rape conviction; and: to twenty years at hard labor on the sexual battery conviction; all sentences to run consecutively.

FACTS
The facts in this matter are attached as Appendix A and are Not Designated for Publication.

A. Errors Patent

A review of the record for errors patent reveals none.

*581 B. Assignment of Error No. 1 (Defense counsel's brief)

The defense contends that insufficient evidence exists to support the defendant's convictions. It contends that under the standard for determining sufficiency of the evidence under State v. Mussall, 523 So.2d 1305 (La.1988), the State has not met its burden of proof because no rational trier of fact would have believed the victim's story.
The defense also relies upon State v. Burger, 531 So.2d 1163 (La.App. 4th Cir. 1988), in which this court's affirmance of a forcible rape conviction was appealed to the Louisiana Supreme Court who remanded the case to this Court for reconsideration in light of Mussall. State v. Burger, 541 So.2d 842 (La.1989). The defense implies that this Court's finding of sufficiency in Burger was erroneous under Mussall. However, this Court has on remand affirmed the conviction under Mussall (State v. Burger, 550 So.2d 1282 (La.App. 4th Cir.1990)) and the Louisiana Supreme Court has very recently denied writs in the case. State v. Burger, 556 So.2d 1276 (La.1990).
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
The court in Mussall, supra, relied upon by the defendant, explained the application of the Jackson standard as follows:
The principal criterion of a Jackson v. Virginia review is rationality. This is because under Winship and Jackson Fourteenth Amendment due process demands that in state trials, as has been demanded traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no rational trier of fact could find guilt beyond a reasonable doubt. Accordingly, under the Jackson methodology a reviewing court is required to view the evidence from the perspective of a hypothetical rational trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a rational trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted rationally until it appears otherwise. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all of the evidence most favorable to the prosecution must be adopted. Thus, irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.

Mussall at 1310.
The Mussall court applied this standard and reversed the conviction, finding that a rational trier of fact would have had reasonable doubt as to defendant's guilt because the testimony of the victim, upon which the State solely relied, was fraught with "eccentricities, unusual coincidences and lack of corroboration."
The issue is thus whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of each of the elements of the crimes charged.
R.S. 14:42.1 provides in pertinent part: § 42.1 Forcible rape
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
R.S. 14:89.1 provides in pertinent part: § 89.1. Aggravated crime against nature
A. Aggravated crime against nature is crime against nature committed under *582 any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but such resistance is overcome by force;
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm accompanied by apparent power of execution;
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) When through idiocy, imbecility, or any unsoundness of mind, either temporary or permanent, the victim is incapable of giving consent and the offender knew or should have known of such incapacity;
(5) When the victim is incapable of resisting or of understanding the nature of the act, by reason of stupor or abnormal condition of mind produced by a narcotic or anesthetic agent, administered by or with the privity of the offender; or when he has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of such incapacity; or
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
R.S. 14:43.1 provides in pertinent part: § 43.1 Sexual battery
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
The defendant was convicted of forcible rape and aggravated crime against nature which occurred on August 23, 1987, the first time that he and the victim were together, and sexual battery and aggravated crime against nature which occurred on August 26, 1987, the second time he and the victim were together.
The major problem is whether the evidence on each occasion sufficiently demonstrates the "force" element of forcible rape and aggravated crime against nature charges. The first time the victim was with the defendant she contends that she attempted to get out of the car when she realized that the defendant was not just going to drive around the block. However, the car door wouldn't open. At the motel, she contends that she also attempted to escape, while the defendant was registering but was stopped by the defendant. She, on the other hand, could not explain why she sat in the car for five minutes before she tried to escape.
There was also a question as to what she thought was going on at this point. At one point she said that she thought that they were going to the motel to do drugs in which case there would be no need to try to escape. At another point she said that she feared what would happen after they did the drugs. The testimony does not indicate what the defendant said to her during the car trip to the hotel or exactly how the defendant stopped her in her attempt to escape. Once they entered the hotel room, the force used against her is more explicit. He tried to choke her with a scarf. He hit her in the head with a garbage can. He burned her buttocks with a cigarette. Her testimony regarding the trauma to her head and the burns on her buttocks was corroborated by the police officer who interviewed her several days later.
The evidence is sufficient so that a rational trier of fact could conclude beyond a reasonable doubt that the "force" element of forcible rape and aggravated crime against nature is met.
Whether the "force" element is met for the offenses that occurred on August *583 26, 1987, the second time she met the defendant, is much more problematic. After the first incident, the victim did not call the police or tell either of her sisters that she had been raped. She told her sisters only that she was supposed to call the defendant again and that she was afraid of him. Instead of notifying the police or telling her family that she had been raped, she called the defendant as he had requested and made arrangements to meet him for the second time. Although she and the defendant stopped at various locations once she got into the car with him before he took her back to Brandy's Motel where the second rape occurred, she made no escape attempts. Nor did she make any attempts to escape while she and the defendant were at Jerry Linan's apartment or when they ended the evening at Brandy's Motel.
The victim contends that she did not tell her family or the police after the first rape and agreed to meet the defendant for a second time because he had threatened to kill her or her family if she did not meet him again. While the victim's decision to meet the defendant again seems highly questionable, it is not so irrational as to warrant reversal, given the details of the first rape, the physical abuse suffered by the victim then plus the threats to her and her family made by the defendant.
Thus the evidence is sufficient to support the convictions and this assignment of error is without merit.

C. Assignment of Error No. 2 (Defense counsel's brief)

The defense contends that the trial court erred in using his multiple offender status to enhance all four sentences imposed, asserting that the defendant's multiple offender status can be used to enhance only one of the sentences imposed. The State concedes that the trial court erred.
In State v. Sherer, 411 So.2d 1050 (La. 1982), the Louisiana Supreme Court held that convictions on more than one count entered on the same date must be treated as one conviction for purposes of sentence enchancement under R.S. 15:529.1. Accordingly, under Sherer, we vacate defendant's sentences and remand this matter for resentencing.
Because the sentences must be vacated for the reason set out above, the defense's second argument, that the trial court erred in ordering that the sentence be served consecutively, rather than concurrently, is pretermitted.

D. Pro Se Assignment of Error No. 3

The defendant contends that he was denied his constitutional right to a speedy trial. He contends that he was prejudiced in the alleged "delay" in conducting the trial because it resulted in his being unable to call another employee from Brandy's Motel, Rebecca Butler, to testify in his behalf. She would have allegedly testified that the defendant left the victim in the hotel on four occasions when he went to the office to order pizza and had she not wanted to be with him, the victim could have escaped.
To determine if this constitutional right has been violated, Louisiana courts apply a four part test set out by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. James, 394 So.2d 1197 (La. 1981); State v. Gale, 526 So.2d 861 (La. App. 4th Cir.1988). The factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of his right and prejudice to the defendant. Gale, supra.
In this case, the offenses occurred on August 23 and August 26, 1987. The defendant was arrested and incarcerated on August 27, 1987. The bill of information was filed on March 18, 1988. The defense filed various motions for a preliminary examination to suppress a confession, and to suppress the evidence on April 6, 1988. Before these motions were disposed of, the defense filed a motion for a speedy trial on April 27, 1988. The motion was denied on May 13, 1988. Trial was held on August 8 and 9, 1988, less than one year from defendant's arrest.
The length of the delay, assuming that one occurred, was not long between defendant's *584 arrest and trial. The defense itself had filed various motions which were still outstanding when it filed the motion for a speedy trial. Moreover, the testimony of Rebecca Butler would have been cumulative when added with the testimony of other employees of Brandy's Motel that they observed that the victim made no escape attempts while at the motel. Under these circumstances, the defendant was not denied his constitutional right to a speedy trial and this assignment of error has no merit.

E. Pro Se Assignment of Error No. 4

The defendant contends that he was arraigned on only one of the charges, aggravated crime against nature, R.S. 14:89.1, on October 27, 1987. A review of the record indicates, however, that the bill of information was filed on March 18, 1988. It charged defendant with all four counts. The defendant pled not guilty to the bill on April 5, 1988. In any event, by going to trial without raising the issue, defendant waived any right he had to challenge the bill. C.Cr.P. Art. 555.

F. Pro Se Assignment of Error No. 5

The defendant contends that his conviction should be overturned because the trial testimony of Officer Burkhardt was perjured. This argument is based upon testimony by Burkhardt at the preliminary hearing on November 3, 1987 and at motion hearings on May 17, 1988 that allegedly conflicts with Burkhardt's trial testimony regarding what the victim told her about on what days the crimes were committed. While minor inconsistencies may exist, there is no evidence that Burkhardt's testimony was perjured. Moreover, defense counsel had the opportunity to fully cross-examine Burkhardt at trial to point out any inconsistencies in her testimony. Thus, this assignment of error is without merit.

G. Pro Se Assignment of Error No. 6

The defense contends that his conviction should be reversed based upon prejudicial comments made by the State in closing argument. The State said the following in closing argument:
BY MR. HAND:
Ladies and Gentlemen, you want to hear about the scene? You want to hear about the act? Defense walks before you and tells you about rape. God, rape's horrible. Man, if this was my family, somebody would be dead. The same man who's been in this very courtroom on the record to say, "Rape is nothing more than simple batter with sexual overtones. That's what a rape is."
The defense objected and asked that the jury be removed. After the jury left the courtroom, the defense moved for a mistrial. The judge denied the motion, but agreed to admonish the jury.
The defense contends that the remark, which indicates that the defense counsel takes the crime of rape lightly, will result in prejudice to the defendant because the jury will connect the allegedly negative attitude of the defense attorney with the defendant. The defense also contends that the remark is outside the scope of argument.
C.Cr.P. Arts. 774 and 775 provide:
Art. 774. Argument scope
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Art. 775. Mistrial; grounds for
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;

*585 (4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.
Even if a comment falls outside the scope of argument, mistrial is not warranted unless the reviewing court is thoroughly convinced that the jury was influenced by the complained of remarks and that they contributed to the verdict. State v. Winn, 412 So.2d 1337 (La.1982). The trial court's determination on this issue is within its discretion and will not be disturbed absent an abuse of discretion. State v. Harper, 430 So.2d 627 (La.1983).
In this case, the comment about what the defense counsel has said about rape in other proceedings is outside the scope of argument; however, it is doubtful in light of all the other evidence against the defendant, that the objectionable comment, even if outside the scope of the evidence, influenced the jury's verdict. Moreover, the comment, which is about the defense attorney, not the defendant himself, is not so prejudicial as to prevent the defendant from obtaining a fair trial so as to warrant a mistrial under C.Cr.P. Art. 775.
Thus, this assignment of error is without merit.

H. Pro Se Assignment of Error No. 7

The defendant contends that his sentence is unconstitutionally excessive under La. Const. art. 1 section 20 (1974). We do not agree. Due to the particular heinousness of these crimes, we find that the sentences imposed by the trial court were commensurate with the crimes committed.

I. Pro Se Assignment of Error No. 8

The defendant contends that the trial court erred in not allowing him to participate in the jury selection process. He was represented by counsel at trial. He has not demonstrated that he was not allowed to participate in the jury selection process or how he was prejudiced by the alleged failure of the court to allow him to participate. Thus, this assignment of error is without merit.

J. Pro Se Assignment of Error No. 9

The defense contends that he was denied effective assistance of counsel because his attorney did not secure the presence of Willie Robinson as a witness to testify in his behalf at trial. The defendant contends that Robinson, a barber whose shop was near the victim's house, would have testified that he had seen the defendant and the victim hang out together during the year preceding the rape and thus bolster the defendant's contention that the sexual intercourse was consensual.
A claim alleging ineffective assistance of counsel should be treated in an application for post-conviction relief. Unless the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App.4th Cir. 1986); State v. Landry, 499 So.2d 1320 (La.App.4th Cir.1986).
In this case, the record does not reveal sufficient information to resolve the issue on appeal. Thus, the defendant should bring up this issue via an application for post-conviction relief.

K. Supplemental Pro Se Assignment of Error No. 10

The defense contends that the State presented insufficient evidence at the *586 multiple bill hearing to demonstrate that the defendant was a multiple offender. A review of the multiple bill transcript reveals that the State presented the testimony of a fingerprint expert who matched the defendant's fingerprints (State Exhibit 1) with a certified copy of the fingerprints (State Exhibit 2) contained on the back of the "pen pack" documents which reflect the defendant pled guilty to the predicate offense forming the basis of the multiple bill. The State also offered a certified copy of defendant's prior convictions.
R.S. 15:529.1 F sets forth the proof required under the multiple bill statute. It provides:
F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief office of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other states of the United States, or of the clerk of court of the place of conviction in the states of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a pardon or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate. The evidence offered by the State is sufficient under
R.S. 15:529.1 F to prove the defendant's multiple offender status.
Accordingly, for the reasons expressed above, the convictions are affirmed, the sentences are vacated and this matter is remanded to the trial court for resentencing. The judgment of the trial court is affirmed.
CONVICTIONS AFFIRMED, SENTENCES VACATED, REMANDED FOR RESENTENCING.