588 So.2d 766 (1991)
STATE of Louisiana
v.
Walter C. COLLINS.
No. 90-KA-1114.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1991.
*767 Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for State.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before KLEES, BYRNES and PLOTKIN, JJ.
*768 PLOTKIN, Judge.
Defendant Walter Collins appeals his conviction and sentence for possession of stolen property valued at more than $500 in violation of LSA-R.S. 14:69(A). After considering the defendant's numerous pro se and appointed counsel assignments of error, we affirm his conviction. However, we amend his sentence to delete the requirement that he serve additional time in lieu of payment of a fine.
Facts:
Police Officer Melvin Parker testified that as he pulled his unmarked police car alongside a 1981 green Oldsmobile Cutlass Supreme stopped at a traffic light on September 27, 1989, he noticed that there was no key in the ignition. Suspecting that the car may be stolen, Officer Parker ran a check of the license plate number and confirmed that the vehicle had been reported as stolen. Officer Parker followed the automobile until it was parked in the 3100 block of Josephine Street, at which time he identified himself and arrested the defendant, charging him with possession of a stolen vehicle. A closer examination of the vehicle revealed that the steering column had been cracked, exposing a gear that would start the car without a key.
The owner, Will Hammaker, testified that the car had been stolen from near his apartment at 1100 Broadway Street about ten days prior to Officer Parker's discovery of the vehicle. Mr. Hammaker also stated that the car was in good condition prior to the theft and estimated its value at about $4,000. Upon inspection after recovery, the vehicle was found to be quite dirty and marred with cigarette burns. The defendant's checkbook and other personal belongings were found inside the vehicle. Mr. Hammaker further testified that he had not given defendant permission to use the car.
The defendant, while testifying in his own behalf, stated that he had borrowed the car on September 27, 1989 from a neighbor named Michael. Defendant further stated that he had seen the car at Michael's house and that he thought Michael was the owner. Defendant testified that Michael had told him that the steering column had been broken by someone who had tried to steal the car from him. Whether Michael actually exists is unknown.
The defendant's mother, Mildred Jones, testified that she had never seen the defendant in the Cutlass until September 27, 1989 and that, until that date, the defendant had taken a bus to come to see her.
The defendant was found guilty as charged by a jury on December 6, 1989. He was sentenced on December 20, 1989 to three years at hard labor with credit for time served. He was also ordered to pay $159 in court costs or serve thirty days in jail in default thereof. On appeal, two briefs were filed on behalf of the defendantone pro se brief, which listed 18 assignments of error, and one brief filed by appointed counsel, which specified one assignment of error.
Additional Sentence in Lieu of Payment of Court Costs
The sole assignment of error in the defense attorney's brief contests the trial court judgment requiring the defendant to serve 30 days in jail for failure to pay $159 in court costs. A review of the record reveals that the defendant was represented by a court-appointed public defender throughout the case. A defendant is presumed indigent when the trial court appoints a public defender to represent him. State v. Jackson, 492 So.2d 1265 (La.App. 4th Cir.1986). Imposition of a sentence requiring a defendant to serve additional jail time in default of the payment of court costs is unconstitutional if the defendant is indigent. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986). Thus, that portion of the sentence requiring the defendant to serve 30 additional days in jail if he defaults in paying court costs must be deleted.
Number on the Jury
The defendant contends that the trial court erred in trying him by a six-member jury instead of a twelve-member jury.
*769 The defendant was convicted of violating LSA-R.S. 14:69, possession of stolen property valued at more than $500. The statute provides for imprisonment "with or without hard labor." C.Cr.P. art. 782, which establishes the number of persons on a jury for different criminal offenses, provides, in pertinent part, as follows:
A. Cases in which the punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
The defendant contends that his status as a second felony offender under LSA-R.S. 15:529.1, the habitual offender law, exposes him to possible imprisonment at hard labor. Therefore, he claims, he is entitled to a twelve-person jury.
The applicability of the Habitual Offender Law, LSA-R.S. 15:529.1, has no bearing on the determination of the number of persons composing the jury under La.C.Cr.P. art. 782. State v. Sherer, 354 So.2d 1038 (La.1978). This argument from the same appellant was rejected in State v. Walter Collins, 577 So.2d 1233 (La.App. 4th Cir.1991).
Thus, this assignment of error is without merit.
Right to Impartial Jury
The defendant contends that his constitutional right to an impartial jury was violated because the jury selected was composed entirely of females. The defendant argues that an all-female jury is more likely to believe that driving a car without a key is an unlawful act because of their lack of mechanical ability.
This court in State v. Adams, 533 So.2d 1060 (La.App. 4th Cir.1988), writ denied 540 So.2d 338 (La.1989) found that the defendant's right to a fair trial before an impartial jury was not violated when the State used its peremptory challenges to exclude males as jurors. This issue was previously presented and rejected by this court in Collins, where this court noted, "[t]he thrust of defendant's argument is that women lack the ability to be jurors. There is no basis whatsoever to any of his contentions."
This assignment of error is without merit.
Wearing Prison Identification Bracelet
The defendant contends that the fact that he was forced to wear an orange prison identification bracelet at trial, stigmatized him before the jury. Like the last two assignments of error, this argument was raised by defendant in the prior Collins decision and rejected. This Court relied upon State v. Fraley, 499 So.2d 1304, 1310 (La.App. 4th Cir.1986), writ granted in part and denied in part 512 So.2d 856 (La.1987), as authority for its conclusion.
Applying Fraley in the prior Collins decision, this Court stated:
A review of the record does not show that defendant objected to being tried while wearing the orange bracelet.
Moreover, there is nothing in the record to indicate that it was readily identifiable as a prison identification bracelet. This assignment of error is without merit.
As in the previous case, the record in this case does not reflect that the bracelet was identifiable as a prison bracelet, nor does it reflect that the defendant objected to wearing it at trial.
This assignment is without merit.
Improper Closing Argument
The defendant contends that he was prejudiced by an improper remark made by the State during closing arguments, and that no evidence was offered to support the statement.
The State made this statement during the course of closing arguments:
God knows I have a mother too, and my mother would never lie and would never say anything, but what did she tell you? She said he took the bus. He took the bus. She never said he had a car. *770 She said he took the bus. He doesn't own a car. He never owned a car. He's telling you he owned a car before all of this.
The defendant's mother did not testify whether or not the defendant owned a car. The defendant testified to owning a 1978 Ford Cougar, which was broken.
The defendant has failed to demonstrate how the remark influenced the jury, contributed to the verdict, or deprived the defendant of a fair trial. State v. Hatcher, 568 So.2d 578 (La.App. 4th Cir.1990) writ denied 572 So.2d 87 (La.1991). Thus, this assignment is without merit.
Sufficiency of the Evidence
The defendant contends that insufficient evidence was presented to prove the value of the car at greater than $500.00.
The standard for reviewing a claim of insufficient evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). It is not within the province of the reviewing court to assess the credibility of the witnesses unless the finder of fact's conclusion is clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La. 1984); State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
The defendant was convicted of possession of stolen property valued at more than $500.00. The elements of this offense are proof of the following: 1) the item was stolen; 2) the item was worth more than $500.00; 3) the defendant knew or should have known the property was stolen; and 4) the defendant intentionally received the property. State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir.1987).
The owner of the vehicle, Will Hammaker, testified that the car was in excellent condition at the time it was stolen and estimated its value at approximately $4,000. This testimony was corroborated by Officer Parker. Additionally, the defense offered no evidence contradicting the value of the car. The defendant was aware of the broken steering column but nevertheless "borrowed" the car. The evidence offered at trial is sufficient to support the defendant's conviction. See State v. Brown, 537 So.2d 1252 (La.App. 4th Cir. 1989).
This assignment is without merit.
Attorney's Alleged Conflict of Interest
Defendant cites LSA-R.S. 15:146(B) in support of his contention that he was deprived of a fair trial because his court-appointed attorney is paid from a fund which receives revenues derived from the payment of fines and court costs. Defendant asserts that this constitutes a conflict of interest.
These arguments were previously raised in defendant's earlier appeal, where this court held:
There is no merit to these claims. If a defendant lacks the money to pay retained counsel, he also lacks the money to pay fines and court costs should he be convicted. Thus, it would be illogical to conclude that O.I.D.P. would get paid from fines and court costs levied against indigent defendant represented by O.I.D.P.
This assignment is without merit.
Inadequate Representation
The defendant contends that he was inadequately represented at trial because his court-appointed counsel failed to prepare properly for trial, failed to locate numerous witnesses in aid of his defense, failed to object to an improper remark made during closing arguments, and failed to request a continuance of trial. The defendant further contends that counsel was ineffective during the cross-examination of witnesses and was virtually inaccessible prior to trial.
An assertion of ineffective assistance of counsel is more properly addressed in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La. *771 1984); State v. Petta, 496 So.2d 390 (La. App. 4th Cir.1986). However, where the record on appeal discloses sufficient evidence upon which to make a determination of counsel's effectiveness, a decision on the issue may be made on appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
The merits of defendant's contentions regarding ineffective assistance of counsel cannot be adjudicated from the record before this court. The defendant's claims of ineffective assistance should be raised in an application for post-conviction relief to be filed in the trial court where an evidentiary hearing can be held on defendant's allegations.
Defendant's contention that his appointed counsel failed to object in closing arguments to the State's comment that the defendant had, "never owned a car" is addressable. A review of the transcript reveals that defense counsel did in fact object to the comment.
Thus, these contentions are without merit.
Unreasonable Search and Seizure
The defendant contends that his constitutional right to be free from unreasonable search and seizure was violated. The defendant argues that the officer could not have seen whether or not there was a key in the ignition of the car due to extremely poor lighting at the location he claims to have noticed the empty ignition. Thus, the officer had no probable cause to run the license plate number and arrest defendant.
Probable cause to arrest exists when the facts and circumstances known to the officers and of which they have reasonably trustworthy information are sufficient to justify a belief that the suspect has committed or is committing a crime. State v. Albert, 553 So.2d 967 (La.App. 4th Cir. 1989).
Officer Parker testified that he viewed an empty ignition, which led him to believe that the vehicle which the defendant was driving had been stolen. Officer Parker's testimony was before the jury at trial. Credibility determinations by the jury will not be disturbed on appeal. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
This assignment of error is without merit.
Alleged Perjury
The defendant asserts that the arresting officer perjured himself at trial, because his testimony was inconsistent. Defendant further claims that the prosecutor made a false statement during closing arguments.
The prosecutor's comment during closing arguments has already been addressed in Pro Se Assignment of Error No. 4.
The accusation that the arresting officer offered inconsistent testimony is a credibility determination for the jury. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989).
This assignment of error is without merit.
Conclusion
For the above and foregoing reasons, the defendant's conviction is affirmed. The sentence is amended to delete that portion which provides for additional jail time for failure to pay court costs.
CONVICTION AFFIRMED; SENTENCE AMENDED.