BARRY, Judge.
The defendant was indicted for aggravated rape, aggravated crime against nature, aggravated burglary, and attempted second degree murder. The attempted murder charge was nolle prosequied. He was convicted of forcible rape and sentenced to forty years, convicted of aggravated crime against nature and sentenced to fifteen years, and convicted of attempted aggravated burglary and sentenced to fifteen years at hard labor. The sentences for forcible rape and crime against nature are to be served at hard labor without benefit of parole, probation or suspension of sentence. All sentences are consecutive.
The following assignments are considered:
(1) failure to suppress the evidence;
(2) the sentence is excessive; and
(3) the indictment is fatally defective.
The seventeen year old victim testified that she was home alone asleep when a man jumped on top of her. He punched her in the face and started strangling her. They fell to the floor and he threatened to kill her if she screamed. He ordered her to disrobe, forced her to perform fellatio and submit to vaginal and anal intercourse. He stole money and jewelry. The defendant claimed the sex was consensual and the jewelry was given to him to pawn.
The victim’s mother and two brothers were not home. Her mother had seen a group of young men, including the defendant, drinking outside the house of a neighbor, Mrs. Harris. Det. Burkhardt, who investigated, had the defendant’s first name before she contacted Mrs. Harris who provided the last name. Fingerprints in the victim’s house matched the defendant’s fingerprints.
A search warrant was obtained for the house where the police believed the defendant was living. The warrant was executed and Det. Burkhardt was told the defendant frequently stayed in the other half of the double. Det. Burkhardt obtained permission from the residents, Mr. and Mrs. Thomas, to search the room where the defendant slept. Several pieces of stolen jewelry and a tape were found hidden in a closet.
MOTION TO SUPPRESS
The police officers did not have a warrant to search the Thomas residence. The State must prove that consent was freely and voluntarily given by someone with authority in order to rely on the consent exception to the warrant requirement. State v. Valenzuela, 590 So.2d 89 (La.App. 4th Cir.1991), writ denied, 593 So.2d 380 (La.1992), cert. denied, — U.S.-, 113 S.Ct. 130, 121 L.Ed.2d 84 (1992).
At the motion hearing Det. Burkhardt testified that Mr. and Mrs. Thomas gave written consent to search their residence. Mr. and Mrs. Thomas testified they consented to the search. The defendant argues that Mr. and Mrs. Thomas did not have the authority to consent because he *159 had sole authority for the room where he slept.
[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over, or other sufficient relationship to, the premises or effects sought to be inspected.
State v. Wagster, 361 So.2d 849, 855 (La.1978), quoting United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974).
The authority which justifies a third party consent does not rest upon the law of property. It concerns the mutual use of property by persons who have joint access or control so that it is reasonable to recognize that any of the co-inhabitants has the right to permit inspection of the common area. A parent normally has authority to consent to the search of a child’s room. State v. Hudson, 404 So.2d 460 (La.1981); State v. Packard, 389 So.2d 56 (La.1980), cert. denied, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981). See also State v. Hodges, 526 So.2d 406 (La.App. 4th Cir.1988), writ denied, 532 So.2d 175 (La.1988).
Mrs. Thomas testified that she considered herself the defendant’s foster parent because he lived with her for about two or three years. Mrs. Thomas stated that her children also used the bedroom and kept possessions there during visits. Mr. Thomas testified he considered the defendant his foster son and no rent was charged.
We are satisfied that the Thomas’ consent to search was proper. The defendant did not have sole use of the room and did not pay rent. There was common usage of the room by the Thomas family.
The motion to suppress was properly denied.
EXCESSIVE SENTENCE
The defendant argues that the maximum consecutive sentences are excessive.
La. Const. Art. I, Section 20 prohibits excessive punishment. Imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Watson, 575 So.2d 411 (La.App. 4th Cir.1991). Punishment is unconstitutionally excessive if it makes no measurable contribution to acceptable rules of punishment and is nothing but the purposeless and needless imposition of pain and suffering or if the sentence is grossly out of proportion to the severity of the crime as to shock our sense of justice. State v. Sims, 410 So.2d 1082 (La.1982).
When sentencing occurs prior to January 31, 1992 the record must reflect that the trial court adequately considered aggravating and mitigating factors in La. C.Cr.P. art. 894.1 (pre-1992 revision). The trial court’s reasons for imposing the sentence are an important aid to decide whether the sentence is excessive. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989).
At the sentencing hearing the trial court heard the testimony of Mrs. Harris, Mr. and Mrs. Thomas, the defendant’s mother, and the defendant’s grandmother. They testified that the defendant had not been involved in violent crimes and asked for leniency. Defense counsel argued that the defendant, who was in his early 20’s, would not be rehabilitated in a maximum security institution. Counsel noted that the defendant’s other convictions were for theft under $500.00 and receiving stolen goods. Counsel urged eligibility for parole at thirteen or fifteen years.
The trial court noted that the defendant was 22 years old, single and unemployed. His criminal history dates back to 1979 and includes arrests for simple battery, receiving stolen things, trespass and theft. The court stated:
This defendant stands convicted by jury of the crimes of forcible rape, aggravated crime against nature and attempted *160 aggravated burglary. The facts adduced at trial show that the victim, an 18 year old, was home alone and in bed asleep when she was awakened by the defendant who strangled her and threatened to kill her if she did not submit to him. He then violated her vaginally, anally, and orally and forced her to perform oral copulation on him.
* # * * * *
This is a hideous crime. The defendant strangled this little slip of a child, all alone in her home, until she almost lost consciousness. Then he tortured her for an hour under threats of death, performing every manner of unspeakable sex with her body. Finally he forced her to turn over the little money that she had, and all of hers and her mother's jewelry, including her school class ring.
Based upon the foregoing, it is the opinion of this Court that the defendant is a clear and great danger to this community and should be incarcerated for the longest possible period.
Maximum sentences are reserved for the most egregious violators. State v. Cann, 471 So.2d 701 (La.1985). The defendant’s criminal acts on this teenager were despicable and warrant severe reaction from our justice system. His past record reflects a total disregard for the safety of others. The physical and emotional abuse on this youngster merits a severe response. The trial court properly considered the aggravating and mitigating circumstances and clearly expressed reasons to support the maximum sentences.
The defendant argues the sentences should not run consecutively. La.C.Cr.P. art. 883 provides in pertinent part:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituted parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
Imposition of a consecutive sentence is not automatically excessive. The court is to consider the factors of C.Cr.P. art. 894.1. The dangerousness of the offense, the defendant’s criminal history, his remorse and the risk to the public safety are among the factors. State v. Jackson, 552 So.2d 445 (La.App. 4th Cir.1989).
When deciding whether a sentence is excessive an appellate court compares the defendant’s punishment with sentences imposed for similar crimes. In State v. Lamark, 584 So.2d 686 (La.App. 1st Cir.1991), writ denied, 586 So.2d 566 (La.1991), the defendant was convicted of aggravated rape (sentence — life imprisonment without benefit of parole, probation or suspension of sentence), aggravated crime against nature (sentence — fifteen years without benefit of parole, probation or suspension of sentence) and aggravated burglary (thirty years). The defendant received maximum sentences on all counts and the court ordered the aggravated crime against nature sentence to be served consecutively with the other sentences. The trial court noted the defendant’s extensive juvenile and adult criminal history, his poor conduct during prior probations, and his danger to society and the First Circuit affirmed.
In State v. Davis, 550 So.2d 774 (La.App. 2d Cir.1989), the defendant was convicted of aggravated rape and sentenced to mandatory life imprisonment without benefit of parole, probation or suspension of sentence; was convicted of aggravated crime against nature and sentenced to the maximum penalty of fifteen years at hard labor without benefit of parole, probation or suspension of sentence; and was convicted of first degree robbery and sentenced to twenty years (maximum — forty years) at hard labor without benefit of parole, probation or suspension of sentence. The sentences were consecutive. The Second Circuit affirmed the sentence. The court viewed the seriousness of the defendant’s crimes against the victim, his prior criminal record and the strong possibility that he would commit other criminal acts.
In State v. Hatcher, 568 So.2d 578 (La.App. 4th Cir.1990), writ denied, 572 So.2d 87 (La.1991), the defendant was convicted: two counts of aggravated crime against nature and sentenced to fifteen years at *161 hard labor without benefit of parole, probation or suspension of sentence on each count; one count of forcible rape and sentenced to forty years at hard labor; and one count of sexual battery and sentenced to ten years at hard labor. All the sentences were consecutive. Subsequently the defendant was adjudicated a second felony offender and resentenced to thirty years at hard labor without benefit of parole, probation or suspension of sentence on each aggravated crime against nature conviction, to eighty years at hard labor on the forcible rape conviction, and to twenty years at hard labor on the sexual battery conviction. All sentences were consecutive. This Court considered the heinousness of the defendant’s crimes and concluded that the sentences were commensurate with the crimes.
In State v. Martin, 558 So.2d 654 (La.App. 1st Cir.1990), writ denied, 564 So.2d 318 (La.1990), the First Circuit affirmed the defendant’s mandatory penalty of life imprisonment without benefit of parole, probation or suspension of sentence for aggravated rape, the maximum sentence of thirty years at hard labor for aggravated burglary, and the maximum sentence of fifteen years at hard labor without benefit of parole, probation or suspension of sentence for the conviction of aggravated crime against nature. The sentences were consecutive. The First Circuit noted the multiplicity of the acts, the nature of the offenses, and the violence which indicated dangerous propensities and a risk to public safety. The court also noted the defendant’s lengthy criminal history.
This Court has affirmed consecutive maximum sentences for several counts of armed robbery and other related crimes which occurred at the same time as the robbery. See State v. Collins, 557 So.2d 269 (La.App. 4th Cir.1990); State v. Clark, 499 So.2d 332 (La.App. 4th Cir.1986).
Here the trial court clearly stated reasons for the consecutive sentences. The court considered the circumstances, the defendant’s extensive criminal history, the viciousness of the crimes, and the hideous nature of the sexual acts. The court stated the defendant was a great danger to the community and should be incarcerated for the longest possible time.
We agree and conclude that the maximum consecutive sentences are not excessive.
The defendant contends that the indictment does not contain the signature of the grand jury foreman. The record shows that the indictment was signed by the foreman. This assignment lacks merit.
A review of the record for errors patent reveals none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.